Filed 6/21/22  P. v. Meridith CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | C095413 |
| Plaintiff and Respondent, | (Super. Ct. No. 20CR1385) |
| v. | |
| CARYN DENISE MERIDITH, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Caryn Denise Meridith asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I.  BACKGROUND

On June 10, 2019, around 11:00 a.m., California Highway Patrol responded to the report of a car accident.  When they arrived, patrol officers saw a car stuck in a metal fence on the side of the road.  Defendant was the driver of the car.  The hood of the car

1

was dented, the windshield broken, the roof and grill of the car were crushed, and the air bags deployed. The responding officer approached the car where defendant was being treated by medical personnel.

When the officer reached defendant, he could smell "burnt marijuana" emanating from the car. He also noticed defendant's eyelids were "extremely droopy." Defendant could not explain how she lost control of her car, neither did she know how fast she was going when she did. As they talked, the officer observed defendant's speech was "labored and slow," her movements "slow and deliberate." He saw several prescription bottles in the center console and in the back seat of the car. Defendant denied taking any drugs or consuming any alcohol that morning.

Defendant "failed to perform field sobriety tests as instructed and demonstrated." Additionally, two preliminary alcohol screening tests indicated defendant had a blood-alcohol content of 0.05 percent. The patrol officer arrested defendant. After her arrest, the People charged defendant with driving under the influence of an alcoholic beverage and a drug within 10 years of a prior conviction for driving under the influence. (Veh. Code, §§ 23152, subd. (g), 23550.5, subd. (a).) The People also alleged defendant was previously convicted of a strike offense.

Defendant pled guilty to driving under the influence within 10 years of a prior conviction for driving under the influence. In exchange for her plea, the People agreed to move the court to strike the prior strike allegation. Defendant acknowledged she could be sentenced to serve up to three years in state prison.

At sentencing, the trial court denied defendant's request for probation because she was serving probation for her prior driving under the influence conviction when she was arrested for driving under the influence in this matter. The court found defendant to be a threat to public safety. Accordingly, the court sentenced defendant to the middle term of two years in state prison. In addition, the court awarded defendant four days of custody credit and ordered her to pay various fines and fees.

2

Defendant appeals the judgment without a certificate of probable cause.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## III. DISPOSITION

The judgment is affirmed.

/S/

RENNER, J.

We concur:

/S/

HULL, Acting P. J.

/S/

DUARTE, J.